1
2
3
4
5
6
7

8                  IN THE UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  GARY LABRANCH,                          Case No. 1:09-cv-00048 JLT (PC)

12           Plaintiff,                     ORDER DISCHARGING ORDER TO
                                            SHOW CAUSE
13       vs.
                                            (Doc. 19)
14  JAMES YATES, et al.,
                                            ORDER DISMISSING CERTAIN CLAIMS
15           Defendants.                    AND DEFENDANTS FROM THE THIRD
                                            AMENDED COMPLAINT
16
                                            (Doc. 20)
17  _____/

18          Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action

19  pursuant to 42 U.S.C. § 1983.  By order filed December 1, 2010, the Court directed Plaintiff to either

20  notify the Court of his willingness to proceed on the claims found cognizable in the second amended

21  complaint or file a third amended complaint.  (Doc. 16.)  On December 27, 2010, Plaintiff requested an

22  additional thirty days to file a third amended complaint (Doc. 17), which the Court granted on January

23  3, 2011 (Doc. 18).  The thirty-day period expired, whereupon the Court issued an order to show cause

24  why this action should not be dismissed for failure to prosecute.  (Doc. 19.)  On February 22, 2011,

25  Plaintiff filed the now pending third amended complaint.  (Doc. 20.)

26  I.      SCREENING

27          A.      Screening Requirement

28          The Court is required to review a case in which a prisoner seeks redress from a governmental

1

entity or officer.  28 U.S.C. § 1915A(a).  The Court must review the complaint and dismiss any portion thereof that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).  If the Court determines the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies in the pleading can be cured by amendment.  Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

**B.     Section 1983**

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To plead a § 1983 violation, the plaintiff must allege facts from which it may be inferred that (1) plaintiff was deprived of a federal right, and (2) the person who deprived plaintiff of that right acted under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989).  To warrant relief under § 1983, the plaintiff must allege and show that the defendants' acts or omissions caused the deprivation of the plaintiff's constitutionally protected rights.  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993).  "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]."  Id.  There must be an actual causal connection or link between the actions of each defendant and the deprivation alleged to have been suffered by the plaintiff.  Monell v. Dept. of Social Services, 436 U.S. 658, 691-92 (1978) (citations omitted).

**C.     Rule 8(a)**

Complaints are governed by the notice pleading standard set forth in Federal Rule of Civil Procedure 8(a), which provides in relevant part that:

A pleading that states a claim for relief must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court

1    already has jurisdiction and the claim needs no new jurisdictional support;

2    (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

3

4    (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

5    The Federal Rules of Civil Procedure adopt a flexible pleading policy.  Nevertheless, a complaint

6    must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell

7    Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

8    (1957)).  "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than

9    labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]"

10   Twombly, 550 U.S. at 555 (citations and quotations omitted).  The complaint "must contain sufficient

11   factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal,

12   129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 883 (2009) (quoting Twombly, 550 U.S. at 570).  Vague and

13   conclusory allegations are insufficient to state a claim under § 1983.  Ivey v. Board of Regents, 673 F.2d

14   266, 268 (9th Cir. 1982).

15   **II.      THE THIRD AMENDED COMPLAINT**

16       In his third amended complaint, Plaintiff alleges that in 2008, Defendants Yates, Mattingly,

17   Davis, and Shannon promulgated and enforced an "Institutional Memorandum" which suspended his

18   yard and outdoor exercise privileges.  (Doc. 20 at 3.)  Plaintiff alleges that the suspension in privileges

19   was based solely on race.  (Id.)  According to Plaintiff, he has been denied outdoor exercise for over

20   eight months.  (Id.)  Plaintiff states that on different occasions, Defendant Herrera, Mattingly, and Yates

21   have denied Plaintiff's request for outdoor exercise.  (Id.)

22       Plaintiff also alleges that Defendant Yates has implemented an underground lockdown policy.

23   (Id.)  Accordingly to Plaintiff, he and other inmates are placed in administrative segregation without a

24   disciplinary hearing and for no wrongdoing.  (Id.)  Plaintiff avers that while housed in administrative

25   segregation, inmates are denied showers, law library access, and certain foods.  (Id. at 2-3.)

26       Based on foregoing allegations, Plaintiff seeks monetary damages and injunctive relief for

27   violations of the Eighth Amendment, Equal Protection Clause of the Fourteenth Amendment, and Due

28   Process Clause of the Fourteenth Amendment.  (Id. at 3-4.)

3

1   **III.    DISCUSSION**

2       **A.    Eighth Amendment**

3       The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners

4   from inhumane conditions of confinement. <u>Morgan v. Morgensen</u>, 465 F.3d 1041, 1045 (9th Cir. 2006)

5   (citing <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994)).  Prison officials therefore have a "duty to ensure

6   that prisoners are provided with adequate shelter, food, clothing, sanitation, medical care, and personal

7   safety." <u>Johnson v. Lewis</u>, 217 F.3d 726, 731 (9th Cir. 2000) (citations omitted).

8       To establish a violation of this duty, a prisoner must satisfy both an objective and subjective

9   component. <u>See</u> <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991).  First, a prisoner must demonstrate an

10  objectively serious deprivation, one that amounts to the denial of "the minimal civilized measures of

11  life's necessities." <u>Keenan v. Hall</u>, 83 F.3d 1083, 1089 (9th Cir. 1996) (quoting <u>Rhodes v. Chapman</u>,

12  452 U.S. 337, 346 (1981)).  In determining whether a deprivation is sufficiently serious, a court must

13  consider "the circumstances, nature, and duration" of the deprivation. <u>Johnson</u>, 217 F.3d at 731.  "The

14  more basic the particular need, the shorter the time it can be withheld." <u>Hoptowit v. Ray</u>, 682 F.2d 1237,

15  1259 (9th Cir. 1982).

16      Second, a prisoner must also demonstrate that prison officials acted with a sufficiently culpable

17  state of mind, that of "deliberate indifference." <u>Wilson</u>, 501 U.S. at 303; <u>Johnson</u>, 217 F.3d at 733.  A

18  prison official is liable for denying an inmate humane conditions of confinement only if "the official

19  knows of and disregards an excessive risk to inmate health and safety; the official must both be aware

20  of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he

21  must also draw the inference." <u>Farmer</u>, 511 U.S. at 837.

22      In this case, Plaintiff alleges that Defendants Yates, Mattingly, Davis, Shannon, and Herrera

23  promulgated and enforced an institutional policy that deprived Plaintiff of outdoor exercise for at least

24  eight consecutive months.  "[S]ome form of regular outdoor exercise is extremely important to the

25  psychological and physical well being of [a prisoner]." <u>Spain v. Procunier</u>, 600 F.2d 189, 199 (9th Cir.

26  1979).  Thus, depriving a prisoner of outdoor exercise for extended, continuous periods of time may

27  constitute a violation of the Eighth Amendment. <u>See</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1132-33 (9th Cir.

28  2000) (complete denial of outdoor exercise for six and a half weeks satisfies the Eighth Amendment's

1   objective requirement); <u>Keenan v. Hall</u>, 83 F.3d 1083, 1089 (9th Cir. 1996) (defendants not entitled to

2   summary judgment where prisoner produced evidence showing a deprivation of outdoor exercise for a

3   six month period).  Accordingly, the Court finds that Plaintiff has sufficiently pled cognizable claims

4   under the Eighth Amendment against Defendants Yates, Mattingly, Davis, Shannon, and Herrera.[1]

5   **B.    Equal Protection**

6        "Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from

7   invidious discrimination based on race."  <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974).  To state a

8   viable equal protection claim, a prisoner "must plead intentional unlawful discrimination or allege facts

9   that are at least susceptible of an inference of discriminatory intent."  <u>Byrd v. Maricopa County Sheriff's</u>

10  <u>Dep't</u>, 565 F.3d 1205, 1212 (9th Cir. 2009) (quoting <u>Monteiro v. Temple Union High School District</u>,

11  158 F.3d 1022, 1026 (9th Cir. 1998)).  "Intentional discrimination means that a defendant acted at least

12  in part *because of* a plaintiff's protected status."  <u>Serrano v. Francis</u>, 345 F.3d 1071, 1082 (9th Cir. 2003)

13  (quoting <u>Maynard v. City of San Jose</u>, 37 F.3d 1396, 1404 (9th Cir. 1994) (emphasis in original)).  In

14  this case, Plaintiff alleges that the policy denying outdoor exercise to inmates was selectively imposed

15  and enforced on prisoners, including Plaintiff, based solely on race.  At the pleading stage, the Court

16  finds this sufficient to state cognizable equal protection claims against Defendants Yates, Mattingly,

17  Davis, Shannon, and Herrera.

18  **C.    Due Process**

19       The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a

20  person of life, liberty, or property without due process of law.  <u>Wolff</u>, 418 U.S. at 556.  A plaintiff

21  alleging a procedural due process violation must first demonstrate that he was deprived of a liberty or

22  property interest protected by the Due Process Clause and then show that the procedures attendant upon

23

24       [1]  It is unclear whether Plaintiff seeks to assert additional Eighth Amendment claims regarding deprivations in
showers, certain food, and law library access.  To the extent he does, the Court finds that Plaintiff fails to state a cognizable
25  claim.  There is no indication how long Plaintiff was deprived of showers.  In this regard, Plaintiff has failed to allege facts
demonstrating an objectively serious deprivation of sanitation and personal hygiene.  <u>See</u> <u>Keenan</u>, 83 F.3d at 1091 (Eighth
26  Amendment guarantees personal hygiene).  As to food, the Eighth Amendment ensures that a prisoner is provided "adequate"
food to maintain his health.  <u>Id</u>.  While Plaintiff appears to contest the *type* of food he was provided, he does not allege that
27  his food was inadequate to maintain his health.  Therefore, Plaintiff fails to state a cognizable claim in this regard.  Finally,
lack of access to the law library is not an objectively serious deprivation within the meaning of the Eighth Amendment.  <u>See</u>
28  <u>Farlough v. Dawson</u>, 2010 U.S. Dist. LEXIS 71867, at *13 (E.D. Cal. July 16, 2010) ("Inadequate access to the law library
cannot reasonably be characterized as the denial of the minimal civilized measure of life's necessities.").

1   the deprivation were constitutionally insufficient.  Ky. Dep't of Corr. v. Thompson, 490 U.S. 454, 459-

2   60 (1989); McQuillion v. Duncan, 306 F.3d 895, 900 (9th Cir. 2002).

3          A protected liberty interest may arise under the Due Process Clause itself or under a state statute

4   or regulation.  Wilkinson v. Austin, 545 U.S. 209, 221-22 (2005).  The Due Process Clause in of itself

5   protects only those interests that are implicit in the word "liberty."  See, e.g., Vitek v. Jones, 445 U.S.

6   480, 493 (1980) (liberty interest in avoiding involuntary psychiatric treatment and transfer to a mental

7   institution).  A state statute or regulation, however, gives rise to a protected liberty interest if it imposes

8   conditions of confinement that constitute an "atypical and significant hardship [on the prisoner] in

9   relation to the ordinary incidents of prison life."  Sandin v. Conner, 515 U.S. 472, 484 (1995).  This

10  requires a factual comparison between the conditions of confinement caused by the challenged action

11  and the basic conditions of prison life.  See, e.g., Wilkinson, 545 U.S. at 223-24 (placement of prisoners

12  in a highly restrictive "supermax" prison implicated a protected liberty interest)

13         Here, Plaintiff fails to allege facts demonstrating a deprivation of a protected liberty interest.

14  Plaintiff alleges that he was confined in administrative segregation, where he was subjected to denials

15  of exercise, showers, law library access, and certain food.  Nevertheless, confinement in administrative

16  segregation, and subjection to the limitations associated with placement in administrative segregation,

17  does not implicate a protected liberty interest.  See May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997);

18  Bryant v. Cortez, 536 F. Supp. 2d 1160, 1167 (C.D. Cal. 2007) (restrictions on exercise, showers, and

19  visitations privileges that accompany housing in administrative segregation do not implicate a protected

20  liberty interest).  Thus, Plaintiff fails to state a cognizable due process claim.

21      **D.    Causal Link Requireg**

22         Plaintiff identifies prison officials Brazelton, Beels, and Grannis as defendants to this action.

23  However, Plaintiff has failed to allege any facts regarding these defendants.  As the Court previously

24  advised Plaintiff in its prior screening orders, there can be no liability under § 1983 unless Plaintiff

25  alleges an affirmative causal link between the actions of each defendant and the alleged constitutional

26  deprivation.  See Rizzo v. Goode, 423 U.S. 362, 371 (1976).  Plaintiff fails to state a cognizable claim

27  against Brazelton, Beels, and Grannis.

28  ///

**E.     No Leave to Amend**

The Court finds that the third amended complaint states cognizable claims against Defendants Yates, Mattingly, Davis, Shannon, and Herrera for violations of the Eighth Amendment and the Equal Protection Clause of the Fourteenth Amendment.  However, the Court also finds that the third amended complaint fails to state a cognizable due process claim or a cognizable claim against prison officials Brazelton, Beels, and Grannis.

The Court previously dismissed Plaintiff's pleadings with leave to amend, informing Plaintiff therein of the deficiencies in his claims.  Because Plaintiff has failed to amend his pleadings to cure the deficiencies in a meaningful way, the Court will not afford Plaintiff further leave to amend.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992) (dismissal with prejudice upheld where the court had instructed plaintiff regarding deficiencies in prior order dismissing claim with leave to amend).

**IV.     CONCLUSION**

In accordance with the above, it is **HEREBY ORDERED** that:

1.     The Court's February 14, 2011 order to show cause (Doc. 19) is **DISCHARGED**;

2.     Plaintiff's due process claims are **DISMISSED**;

3.     Plaintiff's claims against Defendants Brazelton, Beels, and Grannis are **DISMISSED**; and,

4.     This action shall proceed on Plaintiff's Eighth Amendment and equal protection claims against Defendants Yates, Mattingly, Davis, Shannon, and Herrera.  The Court shall authorize service of the third amended complaint on these defendants in an order to be filed concurrently with this one.

IT IS SO ORDERED.

Dated:   **February 28, 2011**                                   **/s/ Jennifer L. Thurston**
                                                              UNITED STATES MAGISTRATE JUDGE